PJG Consent SSA (Rev 09/02/20)                                                                                                                         Colleton, Marilyn Elizabeth

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marilyn Elizabeth Colleton, ) | C/A No. 0:19-1875-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. ) | **FROM THE SOCIAL SECURITY** |
| ) | **ADMINISTRATION'S DENIAL OF** |
| Andrew Saul, Commissioner of the Social ) | **SOCIAL SECURITY BENEFITS** |
| Security Administration, ) | |
| ) | ☒  Affirmed |
| Defendant. ) | ☐  Reversed and Remanded |
| ) | |

    This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☒    Supplemental Security Income ("SSI")

    Application date: <u>June 17, 2015</u>    Plaintiff's age at filing: <u>21</u>

☐    Disability Insurance Benefits ("DIB")

    Date last insured:

☐    Other:

Plaintiff's Year of Birth: <u>1993</u>

Plaintiff's alleged onset date: <u>December 28, 1993</u>

**Part II—Social Security Disability Generally**

    Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

    A claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d

1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  July 27, 2018

In applying the requisite five-step sequential process, the ALJ found:

Step 1:   Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2:   ☐ Plaintiff has the following severe impairments:
depression, attention deficit hyperactivity disorder (ADHD), and post-traumatic stress disorder (PTSD)

☐ Plaintiff does not have a severe impairment.

Step 3:   ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing. 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:   Plaintiff's Residual Functional Capacity is as follows:

the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations.  Despite mental deficits, the claimant is able to perform and sustain simple, routine, and repetitive tasks.  Additionally, the claimant is capable of interacting occasionally with the general public.

Step 5:   ☐ Plaintiff could return to his/her past relevant work.

☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒ Plaintiff has no past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:

| Job Title | Exertional/ Skill Level | SVP | Dictionary of Occupational Titles (DOT) # | Jobs National Economy |
|---|---|---|---|---|
| Egg Packer | Medium Unskilled | 2 | 290.687-134 | 360,000 |
| Janitorial | Medium Unskilled | 2 | 381.687-018 | 2,092,000 |
| Laundry Machine Operator | Medium Unskilled | 2 | 361.685-014 | 211,000 |

Date of Appeals Council decision:  May 29, 2019

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits.  However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown

v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**Part V—Plaintiff's Issue for Judicial Review:**

1. The ALJ's RFC Analysis is not Supported by Substantial Evidence.

**Oral Argument**

☒ **Held on September 9, 2020.**

☐ **Oral argument not necessary for disposition**

**Summary of Reasons**

The crux of Plaintiff's arguments appears to be that the ALJ erred at Step Three of the sequential process, and that in turn, this error rendered the ALJ's ultimate residual functional capacity assessment unsupported by substantial evidence. In considering whether Plaintiff's mental impairments met a Listing at Step Three, the ALJ found Plaintiff had mild limitations in understanding, remembering, or applying information and mild limitations in concentrating, persisting, and maintaining pace. However, the parties agree that these "paragraph B" criteria are used to rate the severity of mental impairments at Steps Two and Three of the sequential evaluation process. See 20 C.F.R. § 416.920a; SSR 96-8p, 1996 WL 374184, at *4 (reminding adjudicators that "that the limitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process").

Plaintiff points to selective records that could support further limitations in these areas. (See, e.g., Tr. 432-40 (a psychological consultative examination that included finding difficulty in understanding Plaintiff's speech, finding valid borderline IQ scores, and assessing Plaintiff with dyslexia and articulation disorder); Tr. 442-44 (finding functional limitations in speech/language areas including task completion and learning); Tr. 446-48 (noting Plaintiff did not speak much, had poor concentration memory and insight); Tr. 481-85 (a consultative examination that included opining Plaintiff would have difficulty understanding simple or complex instructions and performing simple and complex tasks in the workplace); Tr. 413-14, 342-43, 429-30, 481-85, 501-03 (records suggesting reports of hearing voices or periods of hallucinations)). However, the ALJ's decision reflects not only careful consideration of these select aspects of the evidence, but also the entirety of these records as well as other records providing substantial support for the ALJ's findings and residual functional capacity assessment. (See Tr. 24-33 (discussing and weighing Plaintiff's subjective reports, the records, and the opinion evidence); Def.'s Br. at 10-11,

ECF No. 17 at 10-11 (detailing the conflicting evidence considered by the ALJ)). Thus, the ALJ's residual functional capacity assessment reflects careful consideration of volumes of contradictory evidence, which the ALJ discussed extensively and weighed. See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence). Substantial evidence supported the ALJ's decision to credit evidence undermining or contradicting Plaintiff's assertions of disabling impairments. See Thomas v. Berryhill, 916 F.3d 307 (4th Cir. 2019) ("[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion."); cf. Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (indicating that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review") (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)) (alterations in original); see also Monroe v. Colvin, 826 F.3d 176, 188 (4th Cir. 2016).

## ORDER

☒    **Affirmed. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☐    **Reversed and remanded pursuant to ☐ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐    **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

_____
September 15, 2020                      Paige J. Gossett
Columbia, South Carolina           UNITED STATES MAGISTRATE JUDGE